IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JSDQ MESH TECHNOLOGIES LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>TROPOS NETWORKS, INC., ABB INC., ABB HOLDINGS INC., and ABB LTD,<br><br>                    Defendants. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff JSDQ Mesh Technologies LLC complains of Defendants Tropos Networks, Inc., ABB Inc., ABB Holdings Inc., and ABB Ltd (collectively, "Defendants") as follows:

### NATURE OF LAWSUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2.      JSDQ Mesh Technologies LLC ("JSDQ") is a Delaware limited liability company with its principal place of business at 401 Lake Avenue, Round Lake Beach, Illinois 60073.

3.      JSDQ is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,916,648, entitled "Method of Call Routing and Connection," which issued on March 29, 2011 (the "'648 Patent") (a true and correct copy is attached as Exhibit A); United States Patent No. 7,286,828, entitled "Method of Call Routing and Connection," which issued on October 23, 2007 (the "'828 Patent") (a true and correct copy is attached as Exhibit B); and United States Patent No. RE 43,675, entitled

"Wireless Radio Routing System," which issued on September 18, 2012 (the "'675 Patent") (a true and correct copy is attached as Exhibit C).

4. Defendant Tropos Networks, Inc. is a Delaware corporation with its principal place of business at 555 Del Ray Avenue, Sunnyvale, California 94085.

5. Defendant ABB Inc. is a Delaware corporation with its principal place of business at 12040 Regency Parkway, Cary, North Carolina 27518.

6. Defendant ABB Holdings Inc. is a Delaware corporation with the registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, ABB Inc. is wholly-owned by ABB Holdings Inc.

7. Defendant ABB Ltd is a corporation organized under the laws of the country of Switzerland with its principal place of business at Affolternstrasse 44, CH-8050 Zurich, Switzerland. Upon information and belief, ABB Holdings Inc. is wholly-owned by ABB Ltd. Upon further information and belief, ABB Ltd is publicly held and trades in the United States through American Depository Receipts under the name ABB Ltd.

8. Defendant Tropos Networks, Inc. ("Tropos") provides wireless radio mesh network equipment and services to a variety of customers.

9. Defendants ABB Ltd, ABB Holdings Inc., and ABB Inc. (collectively, "ABB") run a successful global business including fixed-wire and radio solutions offering smart grids and other critical infrastructure applications.

10. ABB acquired Tropos with the acquisition announced as complete on June 15, 2012. Through the acquisition, ABB acquired 100% stake of Tropos and ABB remains

committed to supporting Tropos' customers. Pursuant to the acquisition, Tropos will be integrated into the ABB group in ABB's Utility Communications product group.

## JURISDICTION AND VENUE

11.     This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

12.     Personal jurisdiction over Defendants is proper in this Court. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## THE ACCUSED SYSTEMS

13.     Defendants infringe the patents-in-suit through the manufacture, use, offer for sale and/or sale of wireless radio mesh products, services and solutions that include, but are not limited to, the MetroMesh™ architecture and the software, firmware and hardware components associated therewith (the "Accused Systems").

## INFRINGEMENT OF U.S. PATENT NO. 7,916,648

14.     Defendants directly infringe at least independent claim 29 of the '648 Patent through the manufacture, use, offer for sale and/or sale of the Accused Systems.

15.     Defendants' Accused Systems provide radio communication routes among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 29 of the '648 Patent.

16.     Defendants' Accused Systems perform each of the limitations of claim 29 of the '684 Patent by (a) establishing radio links between pairs of nodes without regard to their relative locations; (b) measuring values of a parameter of radio signals; (c) transmitting radio signals with routing messages; (d) selecting a preferred multi-link route segment; (e) transmitting a radio

signal with a routing message identifying a preferred route segment; and (f) assembling a radio communication route between an originating node and a destination node.

17. Alternatively, Defendants indirectly infringe at least independent claim 29 of the '648 Patent by inducing others' direct infringement through their use of the Accused Systems. To the extent Defendants are not the only direct infringers of the '648 Patent, users of Defendants' Accused Systems would constitute direct infringers. Defendants have notice of the '648 Patent and the infringement thereof at least as of the filing of this Complaint. Upon information and belief, Defendants provide support services to customers with the specific intent that customers will use the Accused Systems in a manner that infringes the '648 Patent.

### INFRINGEMENT OF U.S. PATENT NO. 7,286,828

18. Defendants infringe at least independent claim 68 of the '828 Patent through the manufacture, use, offer for sale and/or sale of the Accused Systems.

19. Defendants' Accused Systems provide wireless communication routes among individual nodes distributed to form a mesh throughout an area covered by the wireless communication system, in accordance with the limitations of claim 68 of the '828 Patent.

20. Defendants' Accused Systems perform each of the limitations of claim 68 of the '828 Patent by (a) establishing wireless links between pairs of routing nodes using wireless signals; (b) storing routing messages; (c) selecting a routing message using a parameter of received wireless signals; (d) modifying a selected routing message; (e) deleting some routing messages; (f) retransmitting modified routing messages; and (g) assembling preferred wireless links into an optimum communication route.

21. Alternatively, Defendants indirectly infringe at least independent claim 68 of the '828 Patent by inducing others' direct infringement through their use of the Accused Systems.

To the extent Defendants are not the only direct infringers of the '828 Patent, users of Defendants' Accused Systems would constitute direct infringers. Defendants have notice of the '828 Patent and the infringement thereof at least as of the filing of this Complaint. Upon information and belief, Defendants provide support services to customers with the specific intent that customers will use the Accused Systems in a manner that infringes the '828 Patent.

## INFRINGEMENT OF U.S. PATENT NO. RE 43,675

22. Defendants directly infringe at least independent claim 15 of the '675 Patent through the manufacture, use, offer for sale and/or sale of the Accused Systems.

23. Defendants' Accused Systems provide radio communication routes among individual nodes capable of distribution arbitrarily relative to each other, in accordance with the limitations of claim 15 of the '675 Patent.

24. Defendants' Accused Systems perform each of the limitations of claim 15 of the '675 Patent by (a) establishing radio links between respective pairs of nodes without regard to their relative locations, at least one node using a directional radio signal; (b) measuring a value of a parameter of a directional radio signal; (c) transmitting radio signals with routing messages; and (d) assembling a radio communication route between an originating node and a destination node.

25. Alternatively, Defendants indirectly infringe at least independent claim 15 of the '675 Patent by inducing others' direct infringement through their use of the Accused Systems. To the extent Defendants are not the only direct infringers of the '675 Patent, users of Defendants' Accused Systems would constitute direct infringers. Defendants have notice of the '675 Patent and the infringement thereof at least as of the filing of this Complaint. Upon

information and belief, Defendants provide support services to customers with the specific intent that customers will use the Accused Systems in a manner that infringes the '675 Patent.

26. To the extent required by law, JSDQ has complied with the provisions of 35 U.S.C. § 287.

27. Defendants' direct and/or indirect infringement as described above has injured and will continue to injure JSDQ as long as such infringement continues. JSDQ is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JSDQ Mesh Technologies LLC respectfully requests this Court to enter judgment against each of the Defendants and against each of their respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of judgment in favor of Plaintiff and against Defendants;

B. An award of damages against Defendants adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C. A finding that this case is exceptional and an award to Plaintiff of its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction prohibiting further infringement of the asserted patents; and

E. Such other relief to which Plaintiff is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

Dated: September 28, 2012

/s/ *George Pazuniak*
George Pazuniak (DE Bar No. 00478)
PAZUNIAK LAW OFFICE LLC
1201 Orange St., 7th Fl., Ste. 7114
Wilmington, DE 19801
Phone: (302) 478-4230
GP@del-iplaw.com

Timothy J. Haller
Daniel R. Ferri
Gabriel I. Opatken
NIRO, HALLER & NIRO
181 W. Madison St., Ste. 4600
Chicago, IL 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
haller@nshn.com
dferri@nshn.com
gopatken@nshn.com

***Attorneys for Plaintiff,***
***JSDQ Mesh Technologies LLC***