IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JSDQ MESH TECHNOLOGIES LLC, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 12-cv-1220 (GMS) |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| TROPOS NETWORKS, INC. and ABB INC. ) | |
| ) | |
| Defendants. ) | |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT

Defendants Tropos Networks, Inc. and ABB Inc. (collectively, "Defendants"), through their counsel, hereby answer Plaintiff's Complaint for Patent Infringement (the "Complaint"). To the extent not explicitly admitted, all allegations of the Complaint are denied.

### NATURE OF LAWSUIT

1. Defendants admit that the Complaint purports to state a claim for patent infringement arising under the patent laws of the United States, contained in Title 35 of the United States Code.

### THE PARTIES

2. Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 2 of the Complaint and therefore deny them.

3. Defendants admit that on its face United States Patent No. 7,916,648 (the "'648 Patent") is entitled "Method of Call Routing and Connection" and bears an issue date of March 29, 2011. Defendants admit that on its face United States Patent No. 7,286,828 (the "'828

Patent") is entitled "Method of Call Routing and Connection" and bears an issue date of October 23, 2007. Defendants admit that on its face United States Patent No. RE 43,675 (the "'675 Patent") is entitled "Wireless Radio Routing System" and bears an issue date of September 18, 2012. Defendants admit that Exhibits A, B, and C to the Complaint purport to be copies of the '648 Patent, the '828 Patent, and the '675 Patent, respectively. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 3 of the Complaint and therefore deny them.

    4.      Defendants admit that Tropos Networks, Inc. is a Delaware corporation with its principal place of business at 555 Del Ray Avenue, Sunnyvale, California 94085.

    5.      Defendants admit that ABB Inc. is a Delaware corporation with its principal place of business at 12040 Regency Parkway, Cary, North Carolina 27518.

    6.      Defendants admit that ABB Holdings Inc. is a Delaware corporation. Defendants admit that at the time this complaint was filed, the registered agent of ABB Holdings Inc. was The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19081. Defendants admit that ABB Inc. is a wholly-owned subsidiary of ABB Holdings Inc.

    7.      Defendants admit that ABB Ltd is a corporation organized under the laws of the country of Switzerland with its principal place of business at Affolternstrasse 44, CH-8050 Zurich, Switzerland. Defendants admit that depository receipts of ABB Ltd (ABB) are traded on the NYSE. Defendants deny the remaining allegations of Paragraph 7.

    8.      Defendants admit that Tropos Networks, Inc. provides wireless radio mesh network equipment and services to customers.

9. Defendants admit that ABB Inc. offers for sale fixed-wire and radio solutions for smart grids and other critical infrastructure applications.

10. Defendants admit that ABB Inc. acquired Tropos Networks, Inc. and announced the completion of this acquisition on June 15, 2012. Defendants admit that Tropos Networks, Inc. is a wholly-owned subsidiary of ABB Inc.

## JURISDICTION AND VENUE

11. Defendants admit that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), but deny that Plaintiff has any viable claim.

12. Defendants admit that the Complaint purports to base venue in this District on 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Defendants deny that this District is the most appropriate or convenient forum to exercise jurisdiction over this case. Defendants reserve the right to file a motion to transfer this case to a more convenient forum under 28 U.S.C. § 1404(a). Defendants admit that they are subject to this Court's jurisdiction for purposes of this action only. Defendants deny the remaining allegations in Paragraph 12.

## THE ACCUSED SYSTEMS

13. Defendants deny the allegations of Paragraph 13 of the Complaint.

## U.S. PATENT NO. 7,916,648

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Defendants deny the allegations of Paragraph 17 of the Complaint.

### U.S. PATENT NO. 7,286,828

18. Defendants deny the allegations of Paragraph 18 of the Complaint.

19. Defendants deny the allegations of Paragraph 19 of the Complaint.

20. Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

### U.S. PATENT NO. RE 43,675

22. Defendants deny the allegations of Paragraph 22 of the Complaint.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. Defendants deny the allegations of Paragraph 24 of the Complaint.

25. Defendants deny the allegations of Paragraph 25 of the Complaint.

26. Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

### PRAYER FOR RELIEF

Defendants deny all allegations contained in the Prayer for Relief of the Complaint and deny that Plaintiff is entitled to any of the relief requested therein or to any other relief whatsoever from Defendants.

### AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby assert the following separate, distinct and non-exclusive affirmative and other defenses to the claims and allegations contained in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Defendants' investigation of their defenses is continuing,

and Defendants reserve the right to seek leave to amend their Answer to plead additional defenses or to supplement their existing defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

28.     Plaintiff's Complaint fails to state any claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement of the '648 Patent)

29.     Defendants do not directly infringe or induce the infringement of any valid and enforceable claim of the '648 Patent, and have not directly infringed or induced the infringement of any valid and enforceable claim of the '648 Patent, either literally or under the doctrine of equivalents.  Defendants have no liability for alleged infringement of the '648 Patent.

### THIRD AFFIRMATIVE DEFENSE
### (Non-Infringement of the '828 Patent)

30.     Defendants do not directly infringe or induce the infringement of any valid and enforceable claim of the '828 Patent and have not directly infringed or induced the infringement of any valid and enforceable claim of the '828 Patent, either literally or under the doctrine of equivalents.  Defendants have no liability for alleged infringement of the '828 Patent.

### FOURTH AFFIRMATIVE DEFENSE
### (Non-Infringement of the '675 Patent)

31.     Defendants do not directly infringe or induce the infringement of any valid and enforceable claim of the '675 Patent and have not directly infringed or induced the infringement of any valid and enforceable claim of the '675 Patent, either literally or under the doctrine of equivalents.  Defendants have no liability for alleged infringement of the '675 Patent.

## FIFTH AFFIRMATIVE DEFENSE
### (Invalidity of the '648 Patent)

32.   The claims of the '648 Patent are invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

## SIXTH AFFIRMATIVE DEFENSE
### (Invalidity of the '828 Patent)

33.   The claims of the '828 Patent are invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

## SIXTH AFFIRMATIVE DEFENSE
### (Invalidity of the '675 Patent)

34.   The claims of the '675 Patent are invalid and unenforceable for failure to comply with the requirements of 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches/Waiver/Estoppel)

35.   Plaintiff's claims for relief and prayer for damages are barred by the equitable doctrines of laches, acquiescence, waiver (express or implied), and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

36.   Plaintiff is estopped from asserting one or more of the claims of the '648, '828, and '675 Patents in such a way as to allegedly cover Defendants' or Defendants' customers' activities by reason of statements and claim amendments made by, or on behalf of, the applicant to the United States Patent and Trademark Office ("PTO") or narrowing amendments made

during the prosecution of the applications that led to the issuance of the '648, '828, and '675 Patents.

## NINTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

37.     Plaintiff's claims for relief and prayer for damages may be limited under 35 U.S.C. §§ 286–288.

## TENTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

38.     Plaintiff is not entitled to injunctive relief because, at a minimum, Plaintiff has an adequate remedy at law and because Plaintiff's claims otherwise fail to meet the requirements for such relief, including at least that Plaintiff will not suffer irreparable harm and/or public policy concerns weigh against any injunctive relief.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Government Contractor)

39.     Plaintiff's claims for relief and alleged damages are barred in part under 28 U.S.C. § 1498(a).

## TWELFTH AFFIRMATIVE DEFENSE
### (Impermissible Venue)

40.     Venue in this judicial district is improper and inconvenient.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Defense - Other)

41.     Defendants provide notice that they intend to rely upon any additional defenses that become available or apparent during discovery, and reserve their right to amend this pleading and to assert such additional defenses or, if appropriate, delete any of the above-delineated defenses as discovery proceeds.

WHEREFORE, Defendants deny that they infringe or have infringed any valid and enforceable claim of the '648, '828, and '366 Patents and further deny that Plaintiff is entitled to any judgment against Defendants whatsoever. Defendants request that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered for Defendants, and that Defendants be awarded their attorneys' fees, expenses, and costs incurred in defending against Plaintiff's Complaint, together with such other relief the Court deems appropriate.

## COUNTERCLAIMS

Counterclaimants Tropos Networks, Inc. and ABB Inc. (collectively "Counterclaimants"), by and through their counsel, hereby counterclaim and allege against Counterclaim Defendant JSDQ Mesh Technologies LLC as follows:

1. Counterclaimants reallege and incorporate by reference as though fully set forth herein the allegations of Paragraphs 1-41 of its Answer and Affirmative and Other Defenses to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff JSDQ Mesh Technologies LLC ("JSDQ").

## THE PARTIES

2. Counterclaimant Tropos Networks, Inc. is a Delaware corporation with its principal place of business at 555 Del Ray Avenue, Sunnyvale, California 94085.

3. Counterclaimant ABB Inc. is a Delaware corporation with its principal place of business at 12040 Regency Parkway, Cary, North Carolina 27518.

4. On information and belief, JSDQ is a Delaware limited liability company having a principal place of business at 401 Lake Avenue, Round Lake Beach, Illinois 60073.

5.    In the Complaint, JSDQ alleges that Counterclaimants have infringed one or more claims of United States Patent Nos. 7,916,648 (the "'648 Patent"), 7,286,828 (the "'828 Patent"), and RE 43,675 (the "'675 Patent"). In the Complaint, JSDQ asserts that it owns the '648, '828, and '675 Patents.

## JURISDICTION AND VENUE

6.    This is an action for declaratory relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

7.    By filing its Complaint, JSDQ has consented to the personal jurisdiction of this Court.

8.    To the extent the underlying action brought by JSDQ against Counterclaimants proceeds in this District, then venue as to these counterclaims is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because JSDQ is subject to the Court's personal jurisdiction in this District and because the facts and circumstances alleged in the counterclaims are related to the facts and circumstances alleged in the Complaint.

9.    In the Complaint, JSDQ asserts claims against Counterclaimants for infringement of the '648, '828, and '675 Patents and asserts that these patents are valid.

10.   In Counterclaimants' Answer and Affirmative and Other Defenses to JSDQ's Complaint, Counterclaimants deny JSDQ's claims of infringement of the '648, '828, and '675 Patents, deny that these patents are valid, and assert that these patents are invalid.

11.   An actual controversy has arisen and now exists between Counterclaimants and JSDQ as to the non-infringement and invalidity of the '648, '828, and '675 Patents.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '648 Patent)

12. Counterclaimants reallege and incorporate by reference the allegations of Paragraphs 1-11 as though fully set forth herein.

13. JSDQ alleges that it owns the '648 Patent. In its Complaint, JSDQ alleges that Counterclaimants have infringed and induced others to infringe the '648 Patent, and that Counterclaimants continue to do so.

14. Counterclaimants deny JSDQ's claims of infringement and believe that the Complaint has been filed without good cause.

15. An immediate, real, and justiciable controversy exists between Counterclaimants and JSDQ regarding non-infringement of the claims of the '648 Patent.

16. Accordingly, Counterclaimants hereby seek entry of a declaratory judgment that they do not infringe any claim of the '648 Patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '828 Patent)

17. Counterclaimants reallege and incorporate by reference the allegations of Paragraphs 1-16 as though fully set forth herein.

18. JSDQ alleges that it owns the '828 Patent. In its Complaint, JSDQ alleges that Counterclaimants have infringed and induced others to infringe the '828 Patent, and that Counterclaimants continue to do so.

19. Counterclaimants deny JSDQ's claims of infringement and believe that the Complaint has been filed without good cause.

20.     An immediate, real, and justiciable controversy exists between Counterclaimants and JSDQ regarding non-infringement of the claims of the '828 Patent.

21.     Accordingly, Counterclaimants hereby seek entry of a declaratory judgment that it does not infringe any claim of the '828 Patent.

### THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '675 Patent)

22.     Counterclaimants reallege and incorporate by reference the allegations of Paragraphs 1-21 as though fully set forth herein.

23.     JSDQ alleges that it owns the '675 Patent. In its Complaint, JSDQ alleges that Counterclaimants have infringed and induced others to infringe the '675 Patent, and that Counterclaimants continue to do so.

24.     Counterclaimants deny JSDQ's claims of infringement and believe that the Complaint has been filed without good cause.

25.     An immediate, real, and justiciable controversy exists between Counterclaimants and JSDQ regarding non-infringement of the claims of the '675 Patent.

26.     Accordingly, Counterclaimants hereby seek entry of a declaratory judgment that it does not infringe any claim of the '675 Patent.

### FOURTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '648 Patent)

27.     Counterclaimants reallege and incorporate by reference the allegations of Paragraphs 1-26 as though fully set forth herein.

28.     JSDQ alleges that the claims of the '648 Patent are valid.

Case 1:12-cv-01220-GMS Document 11 Filed 12/21/12 Page 12 of 15 PageID #: 148

29.     Counterclaimants deny that the claims of the '648 Patent are valid and asserts that the claims of the '648 Patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

30.     An immediate, real, and justiciable controversy exists between Counterclaimants and JSDQ regarding the validity of the claims of the '648 Patent.

31.     Accordingly, Counterclaimants hereby seek entry of a declaratory judgment that the claims of the '648 Patent are invalid.

### FIFTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '828 Patent)**

32.     Counterclaimants reallege and incorporate by reference the allegations of Paragraphs 1-31 as though fully set forth herein.

33.     JSDQ alleges that the claims of the '828 Patent are valid.

34.     Counterclaimants deny that the claims of the '828 Patent are valid and asserts that the claims of the '828 Patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

35.     An immediate, real, and justiciable controversy exists between Counterclaimants and JSDQ regarding the validity of the claims of the '828 Patent.

36.     Accordingly, Counterclaimants hereby seek entry of a declaratory judgment that the claims of the '828 Patent are invalid.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '675 Patent)

37. Counterclaimants reallege and incorporate by reference the allegations of Paragraphs 1-36 as though fully set forth herein.

38. JSDQ alleges that the claims of the '675 Patent are valid.

39. Counterclaimants deny that the claims of the '675 Patent are valid and asserts that the claims of the '675 Patent are invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

40. An immediate, real, and justiciable controversy exists between Counterclaimants and JSDQ regarding the validity of the claims of the '675 Patent.

41. Accordingly, Counterclaimants hereby seek entry of a declaratory judgment that the claims of the '675 Patent are invalid.

## JURY DEMAND

Counterclaimants hereby demand trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants pray that this Court:

    (a) Dismiss the Complaint with prejudice;

    (b) Find that JSDQ is not entitled to any relief, whether in law, in equity, or otherwise, from its suit against Counterclaimants;

    (c) Enter judgment that Counterclaimants have not infringed and does not infringe any valid and enforceable claim of the '648 Patent;

  (d)  Enter judgment that Counterclaimants have not infringed and does not infringe any valid and enforceable claim of the '828 Patent;

  (e)  Enter judgment that Counterclaimants have not infringed and does not infringe any valid and enforceable claim of the '675 Patent;

  (f)  Enter judgment that each and every claim of the '648 Patent is invalid;

  (g)  Enter judgment that each and every claim of the '828 Patent is invalid;

  (h)  Enter judgment that each and every claim of the '675 Patent is invalid;

  (i)  Find this case exceptional and award Counterclaimants its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or otherwise; and

  (j)  Award Counterclaimants any other relief, in law and in equity, to which the Court finds Counterclaimants are justly entitled.

Dated: December 21, 2012

FARNAN LLP

By: */s/Brian E. Farnan*
    Brian E. Farnan (#4089)
    919 N. Market Street, 12th Floor
    Wilmington, DE 19801
    Tel: (302) 777-0300
    bfarnan@farnanlaw.com

    Robert Steinberg (admitted *pro hac vice*)
    LATHAM & WATKINS LLP
    355 South Grand Avenue
    Los Angeles, CA 90071
    Tel: (213) 891-8989
    Bob.Steinberg@lw.com

    Lisa K. Nguyen (admitted *pro hac vice*)
    LATHAM & WATKINS LLP
    140 Scott Drive
    Menlo Park, CA 94025
    Tel: (650) 470-4848
    Lisa.Nguyen@lw.com

    *Attorneys for Defendants*